FILED
3/8/2017 11:23:43 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

citcml-sac1 w/jd tci

**2017CI04280**

CAUSE NO. _____

| | | |
|---|---|---|
| ANA LITOFSKY | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | **288th** |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| GREAT LAKES REINSURANCE (U.K.) SE | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, ANA LITOFSKY, files this Original Petition against Defendant, GREAT LAKES REINSURANCE (U.K.) SE ("Great Lakes") and for causes of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and Plaintiff and property which is the subject of this suit are located in Bexar County, Texas.

### III. PARTIES

Plaintiff resides in Bexar County, Texas.

Defendant Great Lakes is in the business of insurance in the State of Texas. The insurance business done by Great Lakes in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

EXHIBIT A

- The taking or receiving of application for insurance, including Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, GREAT LAKES is an eligible surplus lines insurer whose home office/principal business office is located at Drinker Biddle, 1177 Avenue of the Americas, Fl 41, New York, New York 10036-2714, **and may be cited with process by Certified Mail Return Receipt Requested to the Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 70701.**

### IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's property from a wind/hail event on or about April 12, 2016. Plaintiff seeks damages for breach of contract and violations of the Texas Insurance Code. Plaintiff also seeks her attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief less than $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### V. BACKGROUND FACTS

Plaintiff owns the insured properties located at 330 Mariposa Drive, San Antonio, Texas 78212 and 4122 Seabrook Drive, San Antonio, Texas 78247 (the "Property"). The property is covered by a policy of insurance, No. GLD009265-00 issued by Defendant Great Lakes to Plaintiff ("the Policy"). The Policy covered Plaintiff's property against loss by wind, water damage, among other perils.

As a consequence of the wind and hail, Plaintiff's property sustained extensive damage on or about April 12, 2016.

Plaintiff gave timely notice to the carrier.

The Insurance Defendant has failed and refused to pay Plaintiff in accordance with its promises under the Policy. The Insurance Defendant violated the Prompt Payment of Claims Act, Texas Ins. Code § 542.055 *et. seq.* Considering the underpayment in this case, the amount in controversy is less than $100,000.00 excluding interest and costs.

## VI. CLAIMS AGAINST GREAT LAKES

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provide coverage for the cost to repair the damaged properties and personal property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Defendant and its agents constitute a breach and/or anticipatory breach of Defendant's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Defendant was engaged in the business of insurance as defined by the Texas

Insurance Code. The acts and omissions of Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.
2. Insurance Code chapter 541, section 541.060 by, among other things:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear;
- refusing to pay Plaintiff's claims without conducting a reasonable investigation.

Where statements were made by Defendant, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Defendant has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

## VII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VIII. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

## IX. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants provide the information required in a Request for Disclosure.

## X. REQUESTS FOR PRODUCTION TO GREAT LAKES

Produce the complete claim file for Plaintiff's properties relating to or arising out of the loss made the basis of this suit.

Produce the complete underwriting file for Plaintiff's properties which is the subject of this suit.

Produce all emails, notes, and other forms of communication between Defendant, its agents, adjusters, employees, or representatives relating to, mentioning, concerning or evidencing Plaintiff's properties which is the subject of this suit.

Produce the application for insurance and any notes, logs, statements or inspections created or produced during the application process of the Policy at issue in this suit.

## XI. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.   The Court's declaration that the Policy provides coverage for the damage to the Properties, less only a deductible;

B.   Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.   Damages against Defendants for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.   Damages against Defendants for violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

E.   Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

F.   Any other relief to which Plaintiff would be justly entitled to.

                    Respectfully submitted,

                    GRAVELY & PEARSON, L.L.P.
                    425 Soledad, Suite 600
                    San Antonio, Texas 78205
                    Telephone: (210) 472-1111
                    Facsimile: (210) 472-1110

                    */s/ Matthew R. Pearson*

                    Matthew R. Pearson
                    State Bar No. 00788173
                    mpearson@gplawfirm.com
                    Jonathan C. Lisenby
                    State Bar No. 24072889
                    jlisenby@gplawfirm.com

                    **ATTORNEYS FOR PLAINTIFF**